# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | CASE NO. 1:07-cv-00462-AWI-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 47) |
| KEN CLARK, et al., | RESPONSE DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Raymond Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss for Plaintiff's failure to keep the Court apprised of his current address. Defendants filed their motion to dismiss on August 17, 2009. (Doc. #47.) Plaintiff filed an opposition on September 15, 2009. (Doc. #49.) Defendants filed a reply to the opposition on September 28, 2009. (Doc. #50-51.[1]) This action is proceeding on Plaintiff's First Amended Complaint filed on March 27, 2008. (Doc. #23.) For the reasons set forth below, the Court recommends that Defendants' motion to dismiss be denied.

I.  **Defendants' Motion to Dismiss**

Defendants argue that they are entitled to dismissal because Plaintiff failed to keep the Court and Defendants' apprised of his current mailing address. Plaintiff was released on parole on March 22, 2009. (Mem. of P. & A. in Supp. of Mot. to Dismiss 2:5-6; Defs.' Request for Judicial Notice,

---

[1] Defendants filed a reply and an amended reply on the same day. The only difference appears to be that the original reply was not signed by Defendants' attorney.

1

Ex. A.) Plaintiff filed an opposition. Plaintiff argues that he notified the Court and the attorney general of his change of address for every case that he was a party to in late March or April 2009. (Pl.'s Opp'n to Defs.' Mot. to Dismiss 1.) Plaintiff also argues that his current address was written on envelopes and proofs of service that Plaintiff sent to the Court. (Opp'n 2.) Defendants reply that Plaintiff's opposition to their motion to dismiss was untimely and that Plaintiff failed to file a change of address form in the docket for this case. (Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss (2:8-19.) Defendants discovered Plaintiff's current address from change of address entries found in the docket of Plaintiff's other cases. (Reply 2:12-15.)

**II.    Discussion**

Defendants argue that this action should be dismissed for Plaintiff's failure to comply with the Court's first informational order, which directed Plaintiff to keep the Court informed of any change in address. Defendants argue that dismissal is within the Court's inherent powers to sanction parties that fail to obey court orders. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). However, "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Id. (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Court must weigh five factors when determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. at 1260-61.

In this case, the factors do not weigh in favor of dismissal. The first factor, expeditious resolution of litigation, is heavily outweighed by the fourth factor, public policy favoring disposition of cases on their merits. The Court notes that Plaintiff's failure to provide the Court with a change

of address has not caused any delay in litigation.[2]  Further, Plaintiff's change of address has been reflected in the docket and the Court does not anticipate any delays in the future.  Both points also demonstrate that there is no apparent risk of prejudice to Defendants.  Finally, any benefit to the Court's need to manage its docket is not significant enough to justify dismissal.

The Court advises Plaintiff that, while Defendants are not entitled to dismissal, they are correct in pointing out that Plaintiff has failed to properly notify the Court of the change in his address.  Plaintiff asserts that the fault lies with the Court because he allegedly sent a change of address that the Court did not process.  It is Plaintiff's responsibility to make sure that the Court's docket reflects his most-current address.  Thus, it is Plaintiff's responsibility to make sure that any change-of-address form that he sends to the Court is actually received and processed by the Court by checking the docket to make sure it reflects his most-current address.  Second, Plaintiff is advised that it is <u>not</u> the Court's responsibility to examine the return addresses on every piece of correspondence the Court receives from Plaintiff to see if there is a new address.  Finally, Plaintiff cannot file a single change-of-address form in one case and rely on the Court to update his address in <u>all</u> of his cases.  It is Plaintiff's responsibility to file a change-of-address form in all of his lawsuits before the Court.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff failed to properly update the Court with his current address.  However, the Court also finds that Plaintiff's failure to notify the Court of his change of address does not warrant dismissal of this action.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on August 17, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

---

[2] Plaintiff's opposition to Defendants' motion to dismiss was filed late–on September 15, 2009, when it was due on September 7, 2009 by Local Rule 78-230(m).  However, the delay did not stem from Plaintiff's failure to update his address with the Court because Defendants dorved Plaintiff at his current address.

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 29, 2009**                        /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE