# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | CASE NO. 1:07-cv-00462-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. No. 58) |
| KEN CLARK, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Raymond Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 23, 2010, Defendants filed a motion to dismiss on the grounds that Plaintiff "knowingly filed a false declaration under penalty of perjury." (Doc. #58.) Plaintiff filed an opposition to Plaintiff's motion on March 10, 2010. (Doc. #59.) Defendants filed a reply to Plaintiff's opposition on March 22, 2010. (Doc. #61.)

**I.  Background**

    **A.  Defendants' Motion to Dismiss**

Defendants contend that they are entitled to "dismissal on the grounds that Plaintiff knowingly filed a false declaration under penalty of perjury." (Defs.' Not. of Mot. and Mot. to Dismiss 1:22-24.) Defendants argue that Plaintiff indicated in his Amended Complaint that he had filed seven (7) previous lawsuits. (Mem. of P. & A. in Supp. of Mot. to Dismiss 1:26.) Defendants note that Plaintiff signed his complaint under penalty of perjury and counter Plaintiff's allegation with evidence that Plaintiff has in fact filed nine (9) other district court cases, plus seven (7) appeals to the Ninth Circuit related to those cases. (P. & A. in Supp. of Mot. to Dismiss 1:27-2:1.)

Defendants contend that dismissal is proper as a sanction under Federal Rule of Civil Procedure 11 as Plaintiff's failure to disclose the other cases was significant because it was relevant in determining whether Plaintiff's request for in forma pauperis status should be granted. (P. & A. in Supp. of Mot. to Dismiss 4:27-5:4.)

### B. Plaintiff's Opposition

In his opposition, Plaintiff argues that this action should not be dismissed because he did not lie in his complaint. Plaintiff argues that some of the cases cited by Defendants are actually identical because they are based on the same facts and we re-filed after the district court dismissed them due to Plaintiff's failure to include a trust account statement with his in forma pauperis application, or because Plaintiff failed to exhaust his administrative remedies. In another case, Plaintiff alleges that the district court erroneously opened two separate cases based on a single complaint. The court closed the second case after Plaintiff informed the court about the error. Plaintiff argues that any miscalculation of the number of previous lawsuits he has filed was a harmless error that does not warrant dismissal of this action.

### C. Defendants' Reply

Defendants reiterate that this action should be dismissed based on Plaintiff's misrepresentations in his complaint. Defendants concede that one of the cases cited in their motion to dismiss appears to have been erroneously opened by the district court, and it was reasonable for Plaintiff not to note that case in his complaint. (Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss 2:14-17.) However, Defendants contend that Plaintiff knowingly omitted to disclose the other cases that may have affected his eligibility for in forma pauperis status. (Reply 2:23-3:14.)

## II. Discussion

Defendants' motion to dismiss requests that the Court dismiss this action as a sanction against Plaintiff for knowingly making false allegations in his original complaint. Rule 11 provides in relevant part:

> By presenting to the court a pleading . . . whether by signing, filing, submitting, or later advocating it–an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Federal Rule of Civil Procedure 11(b).  Rule 11 also provides that:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation.

Federal Rule of Civil Procedure 11(c).  Sanctions under Rule 11(c) are properly "imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'"  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 832 (9th Cir. 1986).  A filing is "frivolous" if it "is both baseless and made without a reasonable and competent inquiry."  Id.

After reviewing the motion, opposition, and reply, the Court finds that it is not clear that Federal Rule of Civil Procedure 11(b) has been violated.  Defendant's arguments arise from the allegations that Plaintiff made in his form amended complaint under the section titled "Previous Lawsuits."  The "Previous Lawsuits" section asks Plaintiff to list all other previous lawsuits brought by Plaintiff while he was a prisoner.  Plaintiff states that he has brought seven (7) previous lawsuits, while  Defendants claim that Plaintiff actually had nine (9) previous lawsuits and listed the case numbers for those nine (9) lawsuits.  Plaintiff points out that one of the cases was accidentally opened by the court and was immediately closed after Plaintiff informed the court of the mistake.  Defendants concede that it was reasonable for Plaintiff to count the two case numbers as a single lawsuit.

Plaintiff also states that, in one instance, he had filed a case that was immediately dismissed because Plaintiff did not pay the filing fee and Plaintiff did not include a certified copy of his trust account statement causing his in forma pauperis application to be denied.  That case was also dismissed because Plaintiff failed to exhaust his administrative remedies.  Plaintiff later re-filed the case and included a trust account statement along with an explanation as to why he did not exhaust his administrative remedies.  Plaintiff states that he counted these two lawsuits as a single lawsuit because the substance of the lawsuit was the same.

Defendants argue that this omission by Plaintiff was material because "[a]n argument could be made that a dismissal for failure to exhaust administrative remedies counts as a strike." (Reply 3:8-11.) However, the Court finds it significant that Defendants have not formerly raised an argument to revoke Plaintiff's in forma pauperis status on ground that Plaintiff is a three-striker.[1] Defendants' request for sanctions would be more persuasive if Defendants had demonstrated that Plaintiff withheld information about a particular case that counted as a strike to hide the fact that Plaintiff had three strikes. However, Defendants have not demonstrated that Plaintiff has three strikes. Thus, it appears that Plaintiff's failure to count the two lawsuits as separate was a harmless error. Further, it is worth noting that the form complaint does not clearly define what counts as a "previous lawsuit" and the Court cannot find that Plaintiff's allegations regarding his litigation history were made for an improper purpose.

Thus, while Defendants identify nine (9) different case numbers from lawsuits brought by Plaintiff, Plaintiff only counted them as seven (7) distinct cases. The Court finds that Plaintiff's methodology in counting his previous lawsuits is not the type of misrepresentation to the Court that falls within the purview of Rule 11 sanctions. The allegations made by Plaintiff concerning his litigation history are neither frivolous, nor filed for an improper purpose.

Defendants further argue that Plaintiff listed the case number from this action as a previous lawsuit. The form complaint used by Plaintiff asks Plaintiff to list all previous lawsuits. Plaintiff did not list all his previous lawsuits. Instead, Plaintiff wrote down the case number and information for this lawsuit. While it appears that Plaintiff failed to complete his form complaint properly, the Court is unaware of any authority that suggests that filling the form improperly would expose Plaintiff to the rather harsh sanction of dismissal under Rule 11.

///
///

---

[1] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three suits as a prisoner that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. 28 U.S.C. §1915(a),(g). Thus, suits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim count as "strikes" in terms of Plaintiff's eligibility for in forma pauperis status.

4

1  **III.    Conclusion and Recommendation**

2      The Court finds that Plaintiff has not violated Federal Rule of Civil Procedure 11(b).

3  Accordingly, it is HEREBY RECOMMENDED that Defendants' motion to dismiss be DENIED.

4      These Findings and Recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)

6  days after being served with these Findings and Recommendations, any party may file written

7  objections with the Court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within ten (10) days after service of the objections.  The parties are advised

10 that failure to file objections within the specified time may waive the right to appeal the District

11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13 IT IS SO ORDERED.

14 **Dated:   June 4, 2010**           /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28