# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KEBNAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-00462-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 82, 84)<br><br>ORDER DIRECTING CLERKS OFFICE TO SEND A COPY OF THE COMPLAINT TO PLAINTIFF<br><br>(ECF No. 23.) |

     Plaintiff Raymond Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 22, 2010, Plaintiff filed a motion to compel Defendants to provide him with a copy of the complaint and all exhibits attached to the complaint or referred to by the complaint. (ECF No. 76.) Defendants filed an opposition on December 13, 2010. (ECF No. 77.) An order denying Plaintiff's motion to compel was issued on March 17, 2011. (ECF No. 80.) Plaintiff filed a motion for reconsideration on March 31, 2011, and Defendants filed an opposition on April 21, 2011. (ECF Nos. 82, 84.)

     Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th

Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff argues that the motion to compel should be granted because he did not receive a copy of Defendants' opposition to his motion to compel and as a result he was unable to file a reply to Defendants' opposition. Plaintiff alleges that since he notified the Court of his change of address he should have received the opposition unless Defendants' neglected to mail it to him. Defendants' filed their opposition on December 13, 2010, and Plaintiff was rearrested and placed back in jail on January 5, 2011. Plaintiff's motion for reconsideration alleges that Defendants are improperly withholding their opposition.

Even if Plaintiff failed to receive Defendant's opposition to the motion it would not change the facts upon which this motion is based. Plaintiff had not propounded any discovery and therefore, Plaintiff's motion to compel was denied. Plaintiff's motion is devoid of any ground entitling Plaintiff to reconsideration of the Court's order and is denied.

However, it appears that the issue here is partially that Plaintiff does not have access to the

amended complaint that was filed as he was recently placed back in custody. The Court will order the Clerks Office to send Plaintiff a copy of the first amended complaint filed on March 28, 2008.[1]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed March 31, 2011, is DENIED; and
2. The Clerk's Office shall mail a copy of the first amended complaint, filed March 28, 2008, to Plaintiff.

IT IS SO ORDERED.

Dated:   May 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the exhibits submitted with Plaintiff's first amended complaint were returned to him on March 31, 2008.