# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | CASE NO. 1:07-cv-00462-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (ECF Nos. 95, 97, 98) |
| SCOTT KEBNAN, et al., | |
| Defendants. | |

This action is proceeding on the first amended complaint, filed March 27, 2008, against Defendants Lefler, Figueroa, Gonzalez, Hernandez and Rivera for interference with Plaintiff's right of access to the courts; Defendants Lefler, Gonzalez, Rivera, Desbit, Lima, Peterson, Pearce, Baires, Pennington, Grannis, and Kernan for retaliation; and Defendants Lefler, Orozco and Miller for violations of the Equal Protection Clause. A discovery and scheduling order issued on October 22, 2010, opening discovery in this action. On June 17, 2011, a discovery and scheduling order issued as to Defendant Pennington. On August 15, 2011, Plaintiff filed a motion to compel. Defendants filed an opposition on September 1, 2011, and Plaintiff filed a reply on September 26, 2011.

Plaintiff brings this motion to compel Defendants to provide copies of his administrative appeals. Plaintiff states that Defendants are aware of his request due to his prior motions filed with the Court and have failed to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). Plaintiff requested copies of his appeals from Parole and Community Services, but has not received a response.

Defendants oppose the motion on the ground that Plaintiff has not served any discovery

1   requests and Defendants are not required to make initial disclosures under Rule 26(a). Plaintiff
2   replies that Defendants opposition is untimely and should be disregarded.

3       The Court finds that it is unnecessary to consider the opposition of Defendants in deciding
4   the motion to compel. It is clear from Plaintiff's motion that he has failed to properly serve
5   discovery requests upon Defendants. While Plaintiff states that he has requested copies of his
6   appeals from Parole and Community Services, they are not a party to this action. In the order
7   denying Plaintiff's prior motion to compel he was informed that discovery requests must be served
8   directly upon the opposing party. Additionally, Rule 26(a) specifically exempts "an action brought
9   without an attorney by a person in the custody of the United States, a state, or a state sub-division"
10  from the initial disclosure requirement. Fed. R. Civ. P. 26(a)(1)(B)(iv).

11      Plaintiff is advised that discovery is self executing and the opposing party is to have an
12  opportunity to respond to discovery requests prior to requesting intervention of the Court. The Court
13  will only become involved where there is a discovery dispute. Where a party has failed to answer a
14  question, answer an interrogatory, or permit inspection of a document, the requesting party may
15  move for an order to compel an answer, production, or inspection. Fed. R. Civ. Proc. 37(a)(3)(B).
16  In this instance, Plaintiff has filed his motion with the Court prior to serving requests on Defendants
17  and allowing them an opportunity to respond. Although the Court recognizes that Plaintiff is
18  proceeding in pro per, he is required to comply with the Federal Rules of Civil Procedure and the
19  Local Rules.

20      Accordingly, Plaintiff's motion to compel, filed August 15, 2011, is HEREBY DENIED.

25      IT IS SO ORDERED.

26  **Dated:   October 3, 2011**         /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE