# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | CASE NO. 1:07-cv-00462-AWI-BAM PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | |
| SCOTT KEBNAN, et al., | (ECF No. 107) |
| Defendants. | Amended Dispositive Motion Deadline: February 29, 2012 |

Plaintiff Raymond Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2011, a discovery and scheduling order issued opening discovery. The discovery cut-off date was set for December 19, 2011, and the dispositive motions were to be filed on or before January 24, 2012. On January 24, 2012, Defendants filed a motion to amend the scheduling order to conduct additional discovery and file a dispositive motion.

Defendants state that, at the time discovery in this action opened, Plaintiff was housed at the Los Angeles County Jail. On December 6, 2011, Plaintiff filed a change of address indicating that he had been transferred to Wasco State Prison. Defendants state that Plaintiff was not able to be deposed while he was housed at the Los Angeles County Jail and that there was not enough time to notice his deposition prior to the discovery cut-off date once he was transferred to Wasco State Prison. Defense counsel is presently preparing for trial in an action set to commence on January 30, 2012, and requests a modification of the discovery and scheduling order to reopen discovery to allow Defendants to depose Plaintiff and grant an extension of time to prepare a dispositive motion.

1    Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),
2 and good cause requires a showing of due diligence, Zivkovic v. Southern California Edison Co.,
3 302 F.3d 1080, 1087-88 (9th Cir. 2002).  In this instance the court fails to find that Defendants
4 exercised due diligence in deposing Plaintiff.  Defendants state that Plaintiff was unable to be
5 deposed while in the custody of the Los Angeles County Jail, however no attempt appears to have
6 been made to depose Plaintiff prior to the discovery cut-off date, nor was any motion to extend the
7 discovery date filed prior to the established deadline.  This motion was not filed until five weeks
8 after the discovery cut-off date .  If the party seeking to amend the scheduling order fails to show due
9 diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v.
10 Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Accordingly the motion to
11 reopen discovery is denied.

12    However, Defendants' motion was filed on the dispositive motion deadline and the Court
13 shall grant Defendants' motion to extend the dispositive motion deadline.

14    Based on the foregoing, it is HEREBY ORDERED that Defendants' motion to amend the
15 scheduling order is denied in part and granted in part as follows:

16    1.    Defendants' motion to reopen discovery is DENIED;

17    2.    Defendants' motion to amend the dispositive motion deadline is GRANTED; and

18    3.    Dispositive motions shall be filed on or before February 29, 2012.

19   IT IS SO ORDERED.

20   Dated:   **January 26, 2012**            /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE