UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>            Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>            Defendants. | Case No.: 1:07-cv-00462-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE BARBARA A. MCAULIFFE<br><br>(ECF No. 130) |

### I.     Introduction

Plaintiff Raymond Wright ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 23, 2007. Pending before the Court is Plaintiff's motion for the recusal of the undersigned, United States Magistrate Judge Barbara A. McAuliffe, filed on August 16, 2013.

### II.    Motion for Disqualification

Plaintiff brings the instant motion for disqualification pursuant to 28 U.S.C. § 144, which states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

1

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.[1]

If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the motion must be referred to another judge for a determination of the merits. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). The judge to whom the motion is directed is to determine independently whether all the circumstances call for recusal, and such matter rests within the sound discretion of that judge. Sibla, 624 F.2d at 868. Motions under §144 are directed to the judge before whom the matter is pending, which in this instance would be the undersigned. Plaintiff has attached an affidavit to his motion. The Court assumes without deciding that Plaintiff's motion was timely filed.

Having set forth the legal standards, the Court now examines Plaintiff's affidavit.

<u>Plaintiff's Affidavit</u>

Plaintiff identifies instances that he believes are evidence of the undersigned's racial prejudice against him. First, Plaintiff contends that the undersigned evidenced bias in another civil action filed by Plaintiff that proceeded to trial. Plaintiff contends that in Case No. 1:05-cv-01485-BAM, the undersigned "deliberately presented a discriminatory peremptory challenge" in the jury selection at trial. Plaintiff argues that he was able to dismiss three correctional officers from the jury panel, but was stuck with a fourth correctional officer on the jury in a case involving claims against correctional officers. Plaintiff contends that he raised the issue on appeal, but the appellate court did not entertain it because he failed to raise it in his opening brief. Plaintiff also believes that the undersigned

---

[1] Plaintiff also cites Section 455, Title 28 of the United States Code, which governs the disqualification of judges or magistrate judges. As Plaintiff alleges that the undersigned is biased and prejudiced, the Court therefore construes Plaintiff's motion as one brought pursuant to subsections (a) and (b)(1) of Section 455. Subsection (a) states: "Any . . . judge[] or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b)(1) states that a judge or magistrate judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The provisions of § 455(a) and (b)(1) are self-enforcing.

deprived him of his due process rights to a fair trial by allowing Defendant Rumble to present all of her witnesses, but did not allow Plaintiff to have any of his witnesses in that case. Plaintiff's allegations are not directed at the undersigned's purported bias or prejudice. Instead, they are directed at perceived errors in the trial of a separate action, which Plaintiff had the opportunity to appeal. That his appeal may have been unsuccessful does not demonstrate bias or prejudice on the part of the undersigned.

Second, Plaintiff contends that undersigned made numerous errors in her "Findings and Recommendations" recommending that Defendants' motion for summary judgment be granted. Plaintiff thereafter lists the alleged errors that he believes demonstrate racial bias and prejudice. (ECF No. 130, pp. 3-6.) Plaintiff's allegations are not directed at the undersigned's purported bias, but rather at challenging the Findings and Recommendations issued on August 5, 2013. (ECF No. 129.) This is not evidence of the undersigned's bias or prejudice against Plaintiff. Furthermore, Plaintiff has not been prejudiced by the Findings and Recommendations because the district judge has not yet adopted them. At this point, Plaintiff can file objections setting forth his arguments regarding any alleged errors in the findings and recommendations.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for recusal of the undersigned, filed on August 16, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **August 20, 2013**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3